UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEANDRO HERNAN SIMON; CARMEN
INMACULADA MARQUEZ BARBOTEO,

                 Plaintiffs,

        -against-

GOLDMAN SACHS GROUP, INC.,

                 Defendant.

26-CV-3046 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS S. STANTON, United States District Judge:

Plaintiffs, who are proceeding *pro se*, bring this action under the Lobbying Disclosure

Act, 2 U.S.C. § 1601 *et seq*.; the Sherman Antitrust Act, 15 U.S.C. §§ 1-7; the Federal Trade

Commission Act, 15 U.S.C. § 45; and the Clayton Antitrust Act, 15 U.S.C. §§ 12-17. They

allege that they sought certain financial products and services from Defendant Goldman Sachs

Group, Inc., which Defendant did not provide but instead offered other financial products and

services to them, which Plaintiffs chose not to purchase. By separate order, the court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For

the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] In April 2025, Plaintiffs contacted Defendant through its website, "requesting that [Defendant] manage [their] assets, potentially negotiate the sale of [their] IP, and request a loan secured by [their] intellectual property." (ECF

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

No. 1, at 5.) Plaintiffs were thereafter contacted by one of Defendant's employees who "leads Goldman Sachs' client coverage efforts in EMEA," presumably referring to Europe, the Middle East, and Africa. (*Id*.)

During a subsequent phone call between Plaintiffs and Defendants' employee, the employee "disregarded [Plaintiffs'] initial request and intentionally steered the conversation toward an erroneous and incoherent scenario regarding [Plaintiff's] proposal." (*Id*.) In response, Plaintiffs reiterated their original request, but Defendant "ignored" it. (*Id*. at 6.) Plaintiffs later followed up with Defendant's employee and again reiterated their original request; in response, Defendant "disregarded the service we were requesting and instead proposed selling a different type of financial product as if that service had been requested." (*Id*.) According to Plaintiff, "instead of acting as a wealth management firm or a private bank, they were acting like a commercial bank offering services to corporations." (*Id*.)

Plaintiffs tried at least one more time to convince Defendant to provide the services that they sought, instead of the services that Defendant was allegedly offering to them. (*Id.*) Defendant, however, did not respond. (*Id*.) They summarize as follows:

> As consumers and wealth owners, we were denied access to the requested Private Wealth Management services offered by Goldman Sachs. Nor did we receive an explicit refusal from Goldman Sachs regarding our request for such services. In all its communications, Goldman Sachs evaded a simple yes or no response to our request for Private Wealth Management, conducted itself inappropriately with blatant disrespect and a lack of formality that could have led us to withdraw our request, and deliberately insisted on responding to inquiries we had not made, in an attempt to mask their refusal to negotiate.

(*Id*.)

Plaintiffs seek unspecified monetary relief. (*Id*.)

3

**DISCUSSION**

A.    **The Lobbying Disclosure Act**

Plaintiffs seek relief under the Lobbying Disclosure Act, which requires lobbyists or their employers, within 45 days of making a lobbying contract, to register with the Secretary of the Senate and the Clerk of the House of Representatives. 2 U.S.C. § 1603(a)(1). The Court must first consider whether Plaintiffs have a private right of action under this statute.

In *Cort v. Ash*, 422 U.S. 66 (1975), the Supreme Court established a four-factor test to determine whether a federal statute creates an implied right of action: (1) whether the statute was enacted to benefit a special class; (2) whether the drafters intended to create a private right of action; (3) whether a private right of action would be consistent with the purposes of the statute; and (4) whether the cause of action is one not traditionally relegated to the states. "In determining whether to infer a private cause of action from a federal statute, [the] focal point is Congress' intent in enacting the statute." *Thompson v. Thompson*, 484 U.S. 174, 179 (1988); *see also McClellan v. Cablevision of Conn., Inc.*, 149 F.3d 161, 164 (2d Cir. 1998) (noting that the Supreme Court has refocused the *Cort* analysis to emphasize the importance of congressional intent). In the context of federal laws, "[t]he person seeking a private remedy bears the burden of demonstrating that Congress intended to make one available." *New York City Envtl. Justice Alliance v. Giuliani*, 214 F.3d 65, 73 (2d Cir. 2000).

The Court has closely reviewed the text of the Lobbying Disclosure Act and concludes that Congress did not intend to create a private right of action under that statute. "[T]he purpose of the lobbying disclosure statute is to provide greater public information about who is lobbying Congress and what they are lobbying about." *Nat'l Ass'n of Mfrs. v. Taylor*, 582 F.3d 1, 12 (D.C. Cir. 2009). To that end, the statute provides for certain remedies in the event that a lobbyist fails to timely register with with the Secretary of the Senate and the Clerk of the House of

4

Representatives: (1) a civil fine not to exceed $200,000 and (2) criminal penalties of up to five years in prison. 2 U.S.C. § 1606(a), (b). This strongly suggests that Congress was aware of the need to create enforcement remedies for this statute and, when drafting the law to create those remedies, chose only civil fines and criminal penalties – not exposure to civil actions by private litigants. Simply stated, nothing "implicitly in the language or structure of the statute, or in the circumstances of its enactment[,]" *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 18 (1979), suggests that an aggrieved party may seek redress in federal district court when a lobbyist violates fails to timely register as required by the statute.[2]

Because the *Cort* factors do not weigh in Plaintiffs' favor, the Court finds that the Lobbying Disclosure Act did not create a private right of action. The Court therefore dismisses Plaintiffs' claims under the Lobbying Disclosure Act. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      The Federal Trade Commission Act**

Plaintiff also asserts claims under the Federal Trade Commission Act, "which prohibits false advertising in products." *McIver v. Ginger Ale*, No. 24-CV-9102 (LLS), 2025 WL 1736658, at *1 (S.D.N.Y. June 20, 2025). The Court, however, must dismiss those claims because, like the Lobbying Disclosure Act, "the FTC Act does not provide individuals with a private right of action to bring a claim under the statute." *Id*.; *see Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions."); *Naylor v. Case and McFrath, Inc.*, 585 F.2d 557, 561 (2d Cir. 1978) ("[I]t is clear that no private right of

---

[2] The Court notes that the complaint does not contain any allegations about a lobbyist.

action arises under [15 U.S.C. § 45].”). The Court therefore dismisses Plaintiffs' claims under the Federal Trade Commission Act for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.      The Sherman Antitrust Act

Plaintiffs also assert claims under the Sherman Antitrust Act. To sustain a claim of conspiracy to restrain trade under Section 1 of the Sherman Antitrust Act, Plaintiffs must allege facts showing: (1) that Defendant entered into a “contract, combination . . . or conspiracy,” and (2) that the conspiracy was “in restraint of trade or commerce among the several States.” 15 U.S.C. § 1; *Oreck Corp. v. Whirlpool Corp.,* 639 F.2d 75, 78 (2d Cir. 1980), *cert. denied,* 454 U.S. 1083 (1981). Similarly, Section 2 expressly prohibits individuals from “combin[ing] or conspir[ing] with any other person or persons, to monopolize . . . . ” 15 U.S.C. § 2. The elements of a conspiracy to monopolize are “(1) proof of a concerted action deliberately entered into with the specific intent to achieve an unlawful monopoly, and (2) the commission of an overt act in furtherance of the conspiracy.” *Paralegal Institute, Inc. v. American Bar Ass'n,* 475 F.Supp. 1123, 1132 (E.D.N.Y. 1979), *aff'd mem.,* 622 F.2d 575 (2d Cir. 1980); *see Northeastern Telephone Co. v. Am. Tel. and Tel. Co.,* 651 F.2d 76, 85 (2d Cir. 1981) (“The essence of [a conspiracy to monopolize] is an agreement entered into with the specific intent of achieving monopoly.”) (citing *United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150 (1940)).

Plaintiffs include no facts in the complaint from which the Court can infer that Defendant attempted to restrain trade or create a monopoly. Rather, the complaint alleges that: (1) Plaintiffs sought certain services and products from Defendant; (2) Defendant did not sell the requested services and products to Plaintiffs but instead offered them other products and services; and (3) Plaintiffs did not want to purchase the products the services that Defendant had offered to them. But because nothing in the Sherman Antitrust Act requires financial services corporations to provide the services that Plaintiffs requested or forbids them from offering products and

services that a consumer did not originally ask for, the Court must dismiss Plaintiffs' claims under the Sherman Antitrust Act for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     The Clayton Antitrust Act**

Plaintiffs also asserts claims under the Clayton Antitrust Act, which provides:

> It shall be unlawful for any person engaged in commerce in the course of such commerce to . . . make a sale or contract for sale of goods . . . or fix a price charged therefor . . . on the condition, agreement, or understanding that the . . . purchaser thereof shall not use or deal in the goods, wares, merchandise, machinery, supplies or other commodities of a competitor or competitors of the . . . seller, where the effect of such . . . sale or contract for sale or such condition, agreement, or understanding may be to substantially lessen competition or tend to create a monopoly in any line of commerce.

15 U.S.C. § 14.

This provision prohibits "tying," which is "an agreement by a party to sell one product but only on the condition that the buyer also purchase a different (or tied) product, or at least agrees that he will not purchase that product from any other supplier." *Northern Pacific Railway Co. v. United States*, 356 U.S. 1, 5–6 (1958). "[T]he essential characteristic of an invalid tying arrangement lies in the seller's exploitation of its control over the tying product to force the buyer into the purchase of a tied product that the buyer either did not want at all, or might have preferred to purchase elsewhere on different terms." *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 12 (1984); *see also Allen–Myland, Inc. v. IBM Corp.*, 33 F.3d 194, 200 (3d Cir.), *cert. denied*, 513 U.S. 1066 (1994).

To show the requisite coercion to support a tying claim under the Clayton Act, a plaintiff must "establish that he has been required to purchase something which he does not want to take," *Capital Temporaries Inc. of Hartford v. Olsten Corp.*, 506 F.2d 658, 662 (2d Cir. 1974), or show an "unremitting policy of tie-in," which, "if accompanied by sufficient market power," might substitute for actual coercion, *Hill v. A–T–O, Inc.*, 535 F.2d 1349, 1355 (2d Cir. 1976).

7

Nothing in the complaint suggests that Defendant coerced Plaintiffs into buying financial services or products that they did not want. Plaintiffs asked for a particular series of products and services, Defendants offered something else, and no agreement was reached. Those allegations do not suggest the existence of a prohibited tying agreement. The Court therefore dismisses Plaintiff's claims under the Clayton Antitrust Act, for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     Supplemental jurisdiction declined**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**F.     Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under the Sherman Antitrust Act and/or the Clayton Antitrust Act, the Court grants Plaintiffs 30 days' leave to amend their complaint to detail their claims.

If Plaintiffs do not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiffs' complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   April 21, 2026
         New York, New York

_____
                    Louis L. Stanton
                    U.S.D.J.

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

## A.    If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.    If you checked Diversity of Citizenship

### 1.    Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                    Middle Initial            Last Name

_____

Street Address

_____

County, City                              State                    Zip Code

_____

Telephone Number                          Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State            Zip Code

Defendant 2:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State            Zip Code

Defendant 3:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State            Zip Code

Defendant 4:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.